# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Alexander Mercado, Administrator of the Estate of Jennifer Patterson, et al.

### DEFENDANTS
General Electric Company, et al.

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See attached counsel list.

Attorneys *(If Known)*
See attached counsel list.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [x] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*  Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [x] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Product liability personal injury action with diversity subject matter jurisdiction.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY *(See instructions)*:
JUDGE _____  DOCKET NUMBER _____

DATE: Mar 6, 2026
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**COUNSEL LIST**

Brent Wieand, Esquire
Jeffrey Parker, Esquire
Wieand Law Firm, LLC
1800 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA  19103
215-666-0402
*Counsel for Plaintiffs*
*Alexander Mercado, Administrator of the Estate of Jennifer Patterson and William Webb p/n/g/ L.W. (a minor) and Terry Newsome p/n/g J.N. (a minor)*

Michael A. Salvati, Esquire
Marshall Dennehey, P.C.
2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-4552
*Counsel for Defendants*
*General Electric and Haier US Appliance Solutions, Inc. d/b/a GE Appliances*

Timothy D. Rau, Esquire
Dickie, McCamey & Chilcote, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA  19103
215-925-2289
*Counsel for Defendant*
*The Home Depot, Inc.*

Kristine M. Meindl, Esquire
Kiernan Scanlon, Esquire
Palmer & Barr, P.C.
1880 John F. Kennedy Boulevard
Suite 401
Philadelphia, PA  19103
215-557-0222
*Counsel for Defendants*
*Chester Ventures LLC, Shloime Rosenberg, Shlomo Katz and SRK Management, LLC*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 1428 Congress Street, Apartment B, Chester, Pennsylvania 19013

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. ☐ Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief  *see certification below*
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☒ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEXANDER MERCADO, ADMINISTRATOR : | |
| OF THE ESTATE OF JENNIFER PATTERSON : | |
|     and : | **CIVIL ACTION** |
| WILLIAM WEBB p/n/g L.W. (a minor) : | |
|     and : | **NO:** |
| TERRY NEWSOME p/n/g J.N. (a minor) : | |
|     Plaintiffs : | |
| : | |
| v. : | |
| : | |
| GENERAL ELECTRIC COMPANY : | |
|     and : | |
| GE APPLIANCES, A HAIER COMPANY : | |
|     and : | |
| CHESTER VENTURES LLC : | |
|     and : | |
| SRK MANAGEMENT LLC : | |
|     and : | |
| SHLOIME ROSENBERG : | |
|     and : | |
| SHLOMO KATZ : | |
|     and : | |
| THE HOME DEPOT, INC. : | |
|     and : | |
| ABC COMPANIES 1-10 : | |
|     and : | |
| JOHN DOES 1-10 : | |
|     Defendants : | |

### **NOTICE OF REMOVAL**

Defendants, General Electric Company (hereinafter "General Electric") and Haier US Appliance Solutions Inc., d/b/a GE Appliances (incorrectly styled "GE Appliances, A Haier Company") (hereinafter "GE Appliances"), by and through their attorneys, Marshall Dennehey, P.C., hereby respectfully file the Notice of Removal of this action, which is currently pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, November Term, 2025, Case

No. 01659, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof aver as follows.

I.      **Factual and Procedural History**

1.      Plaintiffs instituted this action on or about November 11, 2025, by filing a Praecipe to Issue a Writ of Summons in the Court of Common Pleas of Philadelphia County. A copy of Plaintiffs' Praecipe to Issue a Writ of Summons is attached hereto as Exhibit A.

2.      On or about January 22, 2026, Plaintiffs filed their Complaint. A copy of Plaintiffs' Complaint is attached hereto as Exhibit B.

3.      On or about March 2, 2026, Plaintiffs filed their Amended Complaint. A copy of Plaintiffs' Amended Complaint is attached hereto as Exhibit C.

4.      The Defendants include General Electric, GE Appliances, Chester Ventures LLC, SRK Management LLC, Shloime Rosenberg, Shlomo Katz, The Home Depot, Inc., ABC Companies 1-10, and John Does 1-10. *See id*., generally.

5.      In their Amended Complaint, Plaintiffs, Alexander Mercado, Administrator of the Estate of Jennifer Patterson, William Webb p/n/g L.W. (a minor), and Terry Newsome p/n/g J.N. (a minor), allege that decedent Jennifer Patterson died as a result of a May 6, 2025 incident involving a fire that occurred at her residence located at 1428 Congress Street, Apartment B, Chester, Pennsylvania. *See id*. at ¶¶ 25-26, 40-45 and generally.

6.      The Complaint was served on General Electric on February 17, 2026. A copy of the Affidavit of Service as to General Electric is attached hereto as Exhibit D.

2

7. The Complaint was served on GE Appliances on February 17, 2026. A copy of the Affidavit of Service as to GE Appliances is attached hereto as Exhibit E.[1]

## II. Diversity of Citizenship exists among the parties.

8. Plaintiff, Alexander Mercado, Administrator of the Estate of Jennifer Patterson, is an adult individual residing in Philadelphia, Pennsylvania. *See* Exhibit C, at ¶ 1.

9. Plaintiff, William Webb p/n/g L.W. (a minor), is the parent and natural guardian of L.W. (a minor), and is an adult individual residing in Philadelphia, Pennsylvania. *See* Exhibit C, at ¶ 3.

10. Plaintiff, Terry Newsome p/n/g J.N. (a minor), is the parent and natural guardian of J.N. (a minor), and is an adult individual residing in Chester, Pennsylvania. *See* Exhibit C, at ¶ 4.

11. All Plaintiffs are therefore citizens of Pennsylvania.

12. Defendant, General Electric, is a corporation formed and existing under the laws of the State of New York with its principal place of business in Evendale, Ohio. *See* Exhibit C, at ¶ 5.[2]

13. Accordingly, for jurisdictional purposes, General Electric is a citizen of New York and Ohio. *See* 28 U.S.C. § 1332(c)(1).

---

[1] Plaintiffs initially purported to serve GE Appliances on January 31, 2026. *See* Exhibit F. That attempt at service – via mail, *without* a signed delivery receipt – was not in compliance with Pa.R.Civ.P. 403. Plaintiffs therefore re-served GE Appliances on February 17, 2026. *See* Exhibit E.

[2] The Complaint identifies an address for General Electric in Boston, MA. In fact, while Boston, MA was General Electric's previous headquarters location, General Electric's principal place of business is now located in Evendale, Ohio. Regardless, it is undisputed that General Electric is not headquartered in Pennsylvania.

14. Defendant, GE Appliances, is a corporation formed and existing under the laws of the State of Delaware with its principal place of business in Louisville, Kentucky. *See* Exhibit C, at ¶ 6.[3]

15. Accordingly, for jurisdictional purposes, GE Appliances is a citizen of Delaware and Kentucky. *See* 28 U.S.C. § 1332(c)(1).

16. Defendant, The Home Depot, Inc., is a corporation formed and existing under the laws of the State of Delaware with its principal place of business in Atlanta, Georgia. *See* Exhibit C, at ¶ 9; a copy of counsel for The Home Depot, Inc.'s email correspondence dated February 27, 2026 is attached hereto as Exhibit G.

17. Accordingly, for jurisdictional purposes, The Home Depot, Inc. is a citizen of Delaware and Georgia. *See* 28 U.S.C. § 1332(c)(1).

18. Defendant, Shloime Rosenberg, is an adult individual residing in Toms River, New Jersey. *See* Exhibit C, at ¶ 14.

19. Defendant, Shlomo Katz, is an adult individual residing in Lakewood, New Jersey. *See id*. at ¶ 15.

20. Defendants Shloime Rosenberg and Shlomo Katz are therefore citizens of New Jersey.

21. Defendant, Chester Ventures LLC, is a limited liability company formed and existing under the laws of the State of Delaware with its principal place of business in Toms River, New Jersey. *See id*. at ¶ 10; a copy of Co-Defendants Chester Ventures LLC, SRK Management LLC, Shloime Rosenberg, and Shlomo Katz's Answers to Pre-Complaint Interrogatories and

---

[3] The Complaint incorrectly avers that GE Appliances is a Delaware limited liability company. GE Appliances is a corporation formed and existing under the laws of the State of Delaware, and thus has no members. Regardless, it is undisputed that GE Appliances is a Delaware entity and, more importantly for purposes of this Notice of Removal, <u>not</u> an entity formed and existing under the laws of Pennsylvania.

4

Request for Production of Documents is attached hereto as Exhibit H, at Interrogatory Response No. 1.

22. The citizenship of an LLC, for diversity jurisdiction purposes, is based on the citizenship of each of its members. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010).

23. The sole members of Chester Ventures LLC are Shloime Rosenberg and Shlomo Katz. *See* Exhibit C, at ¶ 16; Exhibit H, at Interrogatory Response No. 2.

24. Accordingly, for jurisdictional purposes, Chester Ventures LLC is a citizen of New Jersey. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010); Exhibit C, at ¶¶ 14-15.

25. Defendant, SRK Management LLC, is a limited liability company formed and existing under the laws of the State of New Jersey with its principal place of business in Lakewood, New Jersey. *See* Exhibit C, at ¶ 12.

26. The sole members of SRK Management LLC are Shloime Rosenberg and Shlomo Katz. *See* Exhibit C, at ¶ 16; Exhibit H, at Interrogatory Response No. 3.

27. Accordingly, for jurisdictional purposes, SRK Management LLC is a citizen of New Jersey. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010); Exhibit C, at ¶¶ 14-15.

28. Because Plaintiffs are citizens of Pennsylvania and Defendants have citizenship in New York, Ohio, Delaware, Kentucky, Georgia, and New Jersey, diversity of citizenship[4] exists in this case.

---

[4] For purposes of removal, the citizenship of the "John Doe" defendants are not considered for diversity purposes. *See, e.g., Hennix v. Belfor USA Group, Inc.*, 2022 WL 3691020 (E.D. Pa. Aug. 25, 2022); *see also* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

### III.     The Amount in Controversy requirement is met.

29.     Under 28 U.S.C. § 1332, federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a).

30.     Where, such as here, Plaintiffs' Amended Complaint does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014) (clarifying that jurisdictional discovery must be allowed if a good faith assertion is challenged).

31.     Although Plaintiffs do not quantify the exact damages, they seek damages and compensation "including punitive damages . . . in an amount in excess of $50,000.00" as a result of the subject incident, including seeking recovery for claims of wrongful death and survival for the death of decedent Jennifer Patterson as a result of her jumping from the building due to the fire, in addition to claims for loss of earnings and earning capacity. *See* Exhibit C, at ¶¶ 42-45, Counts I-II, *ad damnum* clauses.

32.     While General Electric and GE Appliances reserve the right to challenge the extent of Plaintiffs' damages, the injuries alleged demonstrate an amount in controversy, exclusive of interest and costs, exceeding $75,000.00. *See Dart*, *supra*; *see also Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (amount in controversy requirement is satisfied unless it is clear "to a legal certainty" that the claim is really for less than the jurisdictional amount); *Sherman v. Bally's Hotel & Casino*, 2010 WL 1491425 at *1 (D.N.J. Apr. 13, 2010), citing *Bunch v. Wal-Mart*, 2009 U.S. Dist. LEXIS 34019, at *7 (N.D.Ind. Apr. 20, 2009) (finding that a plaintiff's "allegations of permanent injury, medical expenses, pain and suffering, and future

medical expenses and pain and suffering make it facially apparent that the amount in controversy exceeds $75,000" in a personal injury case).

## IV. Defendants have complied with all procedural requirements for removal.

33. This Civil Action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because there exists diversity of citizenship between the parties, and the amount in controversy is in excess of $75,000 exclusive of interest and costs. Accordingly, this matter is one which may be removed to this Court by notice pursuant to 28 U.S.C. §§ 1441 and 1446.

34. This Notice of Removal has been filed within thirty (30) days after service of Plaintiff's Complaint on Defendant General Electric on February 17, 2026. *See* 28 U.S.C. § 1446(b)(1); Exhibit D.

35. This Notice of Removal has been filed within thirty (30) days after service of Plaintiff's Complaint on Defendant GE Appliances on February 17, 2026. *See* 28 U.S.C. § 1446(b)(1); Exhibit E.

36. Each of the served Defendants has consented to this Removal petition pursuant to 28 U.S.C. § 1446(b)(2)(A). Correspondence from counsel for Chester Ventures LLC, SRK Management LLC, Shloime Rosenberg, and Shlomo Katz is attached hereto as Exhibit I; *see* Exhibit G.[5]

37. Written notice of the filing of this Notice of Removal has been given to all adverse parties in accordance with 28 U.S.C. § 1446(d), and is noted in the Certificate of Service attached hereto.

---

[5] The general rule in 28 U.S.C. § 1446(b)(2)(A), which requires that all defendants must join in a notice of removal, may be disregarded where the non-joining defendants are "John Doe" defendants whose identities are unknown. *See, e.g., Green v. America Online (AOL)*, 318 F.3d 465 (3d Cir. 2003); *Bonilla-Paul v. Walmart, Inc.*, 2019 WL 13071987 (E.D. Pa. Nov. 22, 2019).

38. This action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) because this case was initially brought in a state court within the geographical area of the Eastern District of Pennsylvania, and because this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

39. Promptly after filing in this Court and the assignment of a Civil Action Number, a Notice of Removal will be filed with the Court of Common Pleas of Philadelphia County, in accordance with 28 U.S.C. § 1446(d).

40. Copies of all process, pleadings, and Orders served upon Defendants General Electric and GE Appliances are attached hereto in accordance with 28 U.S.C. § 1446(a). *See* Exhibits B, C, D, E, F, J.

WHEREFORE, Defendants General Electric Company and Haier US Appliance Solutions Inc. d/b/a GE Appliances hereby remove this action from the Court of Common Pleas for Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: */s/ Michael A. Salvati*
MICHAEL A. SALVATI
Attorney ID. No. 311682
Attorney for Defendants
General Electric and
Haier US Appliance Solutions, Inc.
d/b/a GE Appliances

2000 Market Street, Suite 2300
Philadelphia, PA  19103
215-575-4552 (P) / 215-575-0856 (F)
masalvati@mdwcg.com

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that a true and correct copy of the forgoing Notice of Removal was served this date, via electronic mail, to the following:

Brent Wieand, Esquire
Jeffrey Parker, Esquire
Wieand Law Firm, LLC
1800 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA  19103

Timothy D. Rau, Esquire
Dickie, McCamey & Chilcote, P.C.
1650 Arch Street
Suite 2110
Philadelphia, PA  19103

Kristine M. Meindl, Esquire
Kiernan Scanlon, Esquire
Palmer & Barr, P.C.
1880 John F. Kennedy Boulevard
Suite 401
Philadelphia, PA  19103

         **MARSHALL DENNEHEY, P.C.**

      BY: */s/ Michael A. Salvati*
         MICHAEL A. SALVATI
         Attorney for Defendants
         General Electric and
         Haier US Appliance Solutions, Inc.
         d/b/a GE Appliances

**Dated:**  March 6, 2026